UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

S.N. by her parents and natural guardians,
J.N. and K.N.,

Plaintiffs

-vs-

PITTSFORD CENTRAL SCHOOL DISTRICT,
and THE OFFICE OF STATE REVIEW,
NEW YORK STATE DEPARTMENT OF
EDUCATION,

Defendants.

DECISION AND ORDER

03-CV-6587 CJS (P)

## INTRODUCTION

Parents of a disabled student filed this action in federal court, pursuant to the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"). Now before the Court is plaintiff's application [#13] for an award of attorney's fees. For the reasons that follow, the Court finds that an attorney-parent who represents his own child is not entitled to attorney's fees under IDEA.

## BACKGROUND

Plaintiffs commenced this action after they were unsuccessful in having the child's Individual Education Plan ("IEP") amended in an administrative proceeding before the New York State Education Department, State Review Officer. Specifically, plaintiffs sought to amend the IEP to include provisions that had previously been removed from the child's Individual Health Plan ("IHP"). The child's father, J.N.,

appeared as attorney of record in the proceeding before the state education department. The complaint in this action contained a demand for "attorneys fees pursuant to 20 U.S.C. Sec. 1415(i)(3)(B)." The parties subsequently had settlement discussions, and on December 19, 2003, the Court received a letter from counsel for defendant New York State Department of Education Office of State Review, stating:

> This letter is intended to memorialize the proposed settlement of the above captioned lawsuit. The parties have agreed in principle to resolving the lawsuit. All legal activity . . . will be held in abeyance while SN's CSE meeting is held in January 2004. Assuming the new IEP contains acceptable tutoring provision [sic] the parties will stipulate to a discontinuance *at no cost to any party*.

Letter of Gary M. Levine, Assistant Attorney General for the State of New York, dated December 18, 2003 (italics added). To the Court's knowledge, plaintiffs never objected to Mr. Levine's letter. Shortly thereafter, school officials reinstated the services that plaintiffs had been seeking.

On or about April 2, 2004, J.N. contacted the Court and requested that it schedule an appearance so that the parties could place the terms of their settlement agreement on the record. When asked why an appearance was necessary, and why counsel could not merely submit a written stipulation of settlement, J.N., through his legal assistant, stated that he wanted to place the settlement on the record in open Court, because he was not confident that the defendant School District would honor the settlement otherwise.[1] Although somewhat perplexed by J.N.'s explanation, the Court

[1] *See also*, Plaintiffs' letter brief dated May 26, 2004: "Plaintiff then requested a time when the parties could come before the Court and put said agreement on the record. Without a Court decree accepting and approving said settlement, Defendant could, at an time, theoretically, call another meeting and simply 'change their minds' about allowing reinstatement of these provisions after the Court case was withdrawn."

nonetheless scheduled an appearance in hopes of expediting the final resolution of the case.

At the court appearance on April 15, 2004, however, it became apparent that the request to appear in court had more to do with attorney's fees than it did with any concerns as to whether or not defendant would honor the settlement agreement. Specifically, plaintiffs wanted the Court to approve the settlement, so that they could be deemed "prevailing parties" within the meaning of 20 U.S.C. § 1415(i)(3)(B), and further wanted the Court to make an award of attorney's fees. Plaintiffs had not, however, submitted any written application for attorney's fees, nor had they advised the Court or opposing counsel that they would be making such an application. Rather, as noted above, it was defendants' understanding that the proposed settlement would be without costs to any party. The parties subsequently stipulated to the dismissal of the action, and agreed that plaintiffs could file an application for attorney's fees. The Court subsequently adjourned the matter to allow plaintiffs to file a motion for attorney's fees.

## DISCUSSION

The parties' dispute involves two issues: 1) whether plaintiffs are "prevailing parties" under IDEA; and 2) whether plaintiffs' counsel, who is the father of the child on whose behalf this action is brought, may recover attorney's fees. All other issues in the case have been resolved.

In order to qualify for an award of attorney's fees under IDEA, one must be a "prevailing party." 20 U.S.C. § 1415(i)(3)(B). Though defendants maintain that plaintiffs are not prevailing parties, the Court need not decide that question since it finds that attorney's fees are unavailable to an attorney-parent representing his own child. Although the issue

appears to be one of first impression in this circuit, it has already been addressed by the Third and Fourth Circuits, both of which held that an attorney-parent may not recover attorney's fees under IDEA. In this regard defendants cite *Doe v. Bd. of Educ. of Baltimore County*, 165 F.3d 260 (4th Cir. 1998), *cert den.* 526 U.S. 1159 (1999) and *Woodside v. Sch. Dist. of Philadelphia*, 248 F.3d 129 (3rd Cir. 2001). Plaintiffs, on the other hand, cite *McLaughlin v. Boston Sch. Comm.*, 976 F.Supp. 53 (D.Mass. 1997) and *Matthew V. v. Dekalb County School System*, 244 F.Supp. 2d 1331 (N.D.Ga. 2003), which held that an attorney-parent may recover reasonable attorney's fees under IDEA. This Court finds that not only the weight of the authority, but the persuasiveness of the reasoning, favors defendants' position.

The cases cited by defendants rely upon *Kay v. Ehrler*, 499 U.S. 432 (1991), where the Supreme Court held that an attorney acting as a *pro se* litigant is not entitled to attorney's fees under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988. In this regard, the Supreme Court affirmed the decision of the Sixth Circuit Court of Appeals, which interpreted the attorney fee provision of 42 U.S.C. § 1988 "as assuming the existence of a paying relationship between an attorney and a client." *Kay v. Ehrler*, 499 U.S. at 435. Justice Stevens, writing for a unanimous Court, noted that "[a]lthough this section was no doubt intended to encourage litigation protecting civil rights, it is also true that its more specific purpose was to enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights." *Id.* at 436. Specifically, the court noted, Congress wanted litigants, who could not otherwise afford counsel, to have that opportunity. *Id*. at n. 8. This purpose, the court found, would be ill-served by awards of

attorney's fees to *pro se* litigants. The court therefore denied attorney's fees, notwithstanding that the attorney-plaintiff had "obviously handled his professional responsibilities in [the] case in a competent manner." *Id*. at 435.

In *Doe*, the Fourth Circuit extended *Kay*'s reasoning to deny an award of attorney's fees to an attorney-parent seeking attorney's fees pursuant to IDEA. The court in *Doe* wrote that while a parent does not act *pro se* in pursuing a claim under IDEA on behalf of his child, nonetheless

> *Kay* clearly does have relevance here. After all, the central thrust of *Kay* is that fee-shifting statutes are meant to encourage the effective prosecution of meritorious claims, and that they seek to achieve this purpose by encouraging parties to obtain independent representation.

*Doe v. Board of Educ. of Baltimore County*, 165 F.3d at 263. The court in *Doe* then went on to discuss other possible reasons for denying attorney's fees to an attorney-parent:

> Like attorneys appearing *pro se*, attorney-parents are generally incapable of exercising sufficient independent judgment on behalf of their children to ensure that reason, rather than emotion will dictate the conduct of the litigation.
>
> ***
>
> Loving parents . . . will of course 'fight' for their children – with or without a statutory award of fees for their services. To permit an attorney-parent to recover statutory fees for representing his child in IDEA proceedings is thus not necessary to ensure a parent's efforts on behalf of his child, but it might well lessen the chance that a disabled child would have the benefit of legal services from an independent third party. In this way, such a holding would "compound" the "child's handicap simply because his parent is an attorney." Precisely because disabled children deserve independent legal services, the IDEA fee-shifting provision should be read to encourage parents to obtain independent legal services.

*Id*. at 264 (internal quotation marks omitted). The Third Circuit, in *Woodside v. Sch. Dist. of the Philadelphia Bd. of Educ.*, also found that attorney-parents are not entitled to attorney's fees under IDEA. In this regard, the court stated that it was adopting "the

Supreme Court's reasoning in *Kay* and the Fourth Circuit's conclusion in *Doe*." *Woodside v. Sch. Dist. of the Philadelphia Bd. of Educ.*, 248 F.3d at 131.

This Court agrees with the approach taken in *Woodside*[2], and likewise concludes that the attorney-parent here is not entitled to an award of attorney's fees. In that regard, the Court finds that attorney fee provisions, such as the one contained in IDEA, assume the existence of a paying relationship between a client and a retained attorney, and are intended to assist litigants, who could not otherwise afford to do so, to retain independent counsel. As the court in *Kay* found, that purpose would be ill-served by awarding attorney's fees to attorney-parents who choose not to retain counsel. The Court sees no reason why attorney-parents who choose to represent their own children should receive payment for their time and efforts when non-attorney parents do not. *Cf. Riley v. Secretary of Dept. of Health and Human Servs.*, — Cl. Ct. —, 1992 WL 892300 at *5 (Fed.Cl.1992).[3]

The Court rejects plaintiffs' arguments to the contrary, and notes that one of the cases which they have cited actually supports defendants' position. *See, Amy. M. v. Timberlane Reg'l Sch. Dist.*, No. Civ. 99-269-B, 2000 WL 1513769 at at *5 (D.N.H. Aug. 11, 2000) (Holding that while attorney-parents are forbidden from recovering attorney's

---

[2]The Court disagrees with the notion, expressed in dicta in *Doe,* that parents are "generally incapable of exercising sufficient independent judgment on behalf of their children." On the contrary, parents can and do effectively exercise such judgment on behalf of their children every day.

[3] In *Riley*, 1992 WL 892300 at *5, the Court wrote: "Self help is considered noncompensable on the rationale that the authorizing statutes are intended to compensate actual out-of-pocket expenses or debts, not lost opportunity costs. Those courts that have decided against recovery by pro se litigants interpret the fee-shifting statutes as requiring a "paying relationship between the attorney and client." . . . The only costs incurred by Mr. Riley [the plaintiff's father, an attorney] are lost opportunity costs. Non-lawyer pro se litigants, in some cases professionals, also expend time on their own cases and are not reimbursed for time taken away from their vocations. That rule is generally accepted. Petitioners have presented no persuasive reasons for treating lawyer pro se litigants more favorably than non-attorney pro se litigants."

fees under IDEA, the same rule would not apply to an attorney who was the child's aunt.).

## CONCLUSION

Plaintiffs are not entitled to attorney's fees irrespective of whether or not they are the prevailing party in this matter, as IDEA does not authorize an award of attorney's fees to an attorney-parent representing his own child. Plaintiffs' application [#13] for attorney's fees is DENIED, and the action is DISMISSED with prejudice, pursuant to the terms of the stipulated Order entered on September 16, 2004.

SO ORDERED.

Dated: March 9, 2005
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge